UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY STARKS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. 12 C 6124

Magistrate Judge Mary M. Rowland

# MEMORANDUM OPINION AND ORDER

Plaintiff Larry Starks filed this action seeking review of the final decision of the Commissioner of Social Security denying his application for application for Supplemental Security Income (SSI). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On April 21, 2014, pursuant to sentence four of 42 U.S.C. § 405(g), the Court reversed the decision of the Administrative Law Judge (ALJ) and remanded the case to the Commissioner for further proceedings. Plaintiff's counsel now seeks to recover his attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons set forth herein, the application is granted.

## I. BACKGROUND

Plaintiff applied for SSI on May 22, 2009, alleging that he became disabled on December 1, 2007, due to Crohn's disease, status post right hemicolectomy, a history of ankylosing spondylitis, a cataract in the left eye, dysthymic disorder, anxiety,

and depression. The Commissioner denied Plaintiff's application initially, and on reconsideration. Following a hearing, the ALJ denied Plaintiff's request for benefits, finding that he was not suffering from a disability as defined by the SSA. After the Appeals Council denied Plaintiff's request for review, he sought judicial review.

On April 21, 2014, the Court reversed the ALJ's decision and remanded the matter to the Commissioner for further proceedings. The Court determined that the ALJ's decision was not supported by substantial evidence. The ALJ failed to properly evaluate the opinion of the treating physician and did not assess Plaintiff's credibility with due regard for the full range of medical evidence. Furthermore, the ALJ did not construct a proper logical bridge connecting the evidence and Plaintiff's residual functional capacity.

Plaintiff's counsel now moves for attorney's fees and costs under EAJA. Counsel seeks $9,656.50 for 53.1 hours of work on the case (51.6 hours of attorney time at $184.38 per hour and 1.5 hours of legal assistant time at $95 per hour) as well as $19.50 in costs. (Mot. ¶ 11 & Ex. C).[1]

## II. STANDARD OF REVIEW

EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the

---

[1] In his reply, Counsel supplemented his fee petition to reflect the 2.1 hours drafting the reply memorandum. (Reply 5). The Court finds these hours reasonable. Thus, Counsel seeks a total of $10,043.69 for 55.2 hours of work on the case (53.7 hours of attorney time at $184.38 per hour and 1.5 hours of legal assistant time at $95 per hour) as well as $19.50 in costs. (Id.).

claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA allows for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court indicated in *INS v. Jean*, 496 U.S. 154, 161 (1990), that the district court's task of determining what fee is reasonable under EAJA is essentially the same as that described in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Under *Hensley*, the plaintiff bears the burden of providing accurate documentation and demonstrating that the fee request is reasonable. 461 U.S. at 437. Nevertheless, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensable fee." *Id.* at 435.

### III. DISCUSSION

The Commissioner does not assert that her position opposing Plaintiff's application for SSI was substantially justified.[2] (Resp. 1). Instead, the Commissioner objects to the hourly rate sought as unjustified by the EJEA provision for cost of living adjustments. (*Id.* 3–4). The Commissioner also asserts that the number of hours expended was excessive for the complexity of the case and experience of the attorney. (*Id.* 4–5). Finally, the Commissioner opposes the direct payment of any fees to Plaintiff's attorney, arguing that direct payment would bypass the objective of matching litigants to any debts they may owe the federal government. (*Id.* 5–8). In

---

[2] While the Commissioner concludes her memorandum with the statement that Plaintiff's motion should be denied because the Commissioner's position was substantially justified (Resp. 9), the memorandum included no other discussion of this issue. Accordingly, the Court presumes that this statement was placed in the conclusion in error.

support of her assertions, the Commissioner makes a number of arguments, which the Court will address seriatim.

**A. Hourly Rate and Cost-of-Living Adjustments Under EAJA**

EAJA prescribes a maximum rate of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows a court to award a higher rate when "the court determines that an increase in the cost of living [since 1996, when the current version of the act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*; *accord Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). As to the cost-of-living factor, EAJA does not "create an *entitlement* to an inflation adjustment." *Mathews-Sheets*, 653 F.3d at 563. Instead, to establish a cost-of-living enhancement, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal services to a person seeking relief against the government." *Id.*

Here, Counsel seeks an hourly rate of $184.38 for attorney work performed on behalf of Plaintiff in this action. (Mot. ¶ 11). In support of this rate, Counsel relies on (1) the Consumer Price Index (CPI) detailing the effects of inflation on a nationwide basis from 1996 until December 2012, the month in which the majority of legal work was performed in this action; (2) the Commissioner's own increase in the maximum fee agreement limit for work performed at the administration level by 50% since 1996; (3) his affirmation that his noncontingency hourly rate has increased by 67% since 1996; (4) affidavits from six other local attorneys who charge hourly rates

ranging from $250 to $550 for handling similar cases; and (5) his affirmation that since 1996, his office expenses, including rent, salaries, health insurance, legal research tools, continuing legal education, and office supplies, have increased significantly due to inflation. (*Id.* ¶¶ 11, 14, 16, 17). The Commissioner has not presented any evidence in rebuttal. Moreover, other courts in the Northern District of Illinois have found that similar supporting evidence justifies an inflation adjustment to the EAJA hourly rate. *See Brent v. Astrue*, No. 11 C 964, 2012 WL 6685688, at *3 (N.D. Ill. Dec. 19, 2012) (collecting cases). Accordingly, the Court finds that Counsel's uncontradicted evidence adequately demonstrates that a cost-of-living increase from the $125 per hour statutory rate is justified.

The Commissioner also contends that the Court should rely on the Chicago metropolitan area CPI rather than the all urban consumers CPI (CPI-U) in determining the appropriate cost of living adjustment. (Resp. 4). But district courts in the Seventh Circuit have routinely held that "the CPI–U is an appropriate index by which to show that the cost of living in this region has indeed increased to the degree of the requested adjustment." *Ibarra-Montufar v. Colvin*, 12 CV 0736, 2013 WL 6507865, at *2 (N.D. Ill. Dec. 12, 2013) (collecting cases); *see, e.g.*, *Bias v. Astrue*, No. 11 CV 2247, 2013 WL 615804, at *2 (N.D. Ill. Feb. 15, 2013) (approving fee calculation of $181.25 per hour based on the CPI–U index); *Seabron v. Astrue*, No. 11 CV 1078, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012) (approving the use of the national CPI over the regional CPI); *see also Hamrick v. Astrue*, No. 09 CV 0179, 2010 WL 3862464, at *3 (N.D. Ind. Sept. 27, 2010) ("[I]t appears that district courts in

the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate that he seeks."). The Commissioner cites no case law in support of using the regional over the national CPI. In these circumstances, given the minuscule difference in the rates[3] and the strength of plaintiff's evidence in support of a CPI adjustment, the Courts opts for the higher $184.38 hourly rate.

**B. Excessive Hours for Complexity of Representation**

The Commissioner next asserts that Counsel's request is unreasonable because the hours billed exceeds the demands of this "relatively routine Social Security disability case." (Resp. 4). "Generally, to successfully challenge the number of attorney hours requested under the EAJA, the government should do more than point to a mere disparity between the fees sought in the one case and the amount of fees awarded in other cases." *Seabron*, 2012 WL 1985681, at *2 (citing *Tchemkou v. Mukasey,* 517 F.3d 506, 511 (7th Cir. 2008)). Without reference to an objective standard or rationale, a conclusion on the reasonability of attorney's fees would be "arbitrary." *Id.*

Here, the Commissioner concludes that Counsel's time litigating this case should be reduced. (Resp. 4–5). But other than concluding that over 50 hours of attorney time spent on this case is excessive, the Commissioner does not explain how many hours would be appropriate. (*Id.*). The Court may not reduce arbitrarily the number of hours requested. *See Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th

---

[3] The regional CPI would result in an hourly rate of $177.41. (Resp. 4).

Cir. 1992) ("the district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a concise but clear explanation") (citation omitted); *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984) ("the judge must do more than eyeball the [fee] request and if it seems excessive cut it down by an arbitrary percentage"). The Court finds the Commissioner's arguments unpersuasive.

The Commissioner first asserts that this is a "relatively routine" disability case and the issues raised by Plaintiff were "neither new nor novel." (Resp. 4). Instead, the Commissioner contends that the issues raised were ones that Counsel "raises routinely in Social Security disability cases in this district, including whether the ALJ's residual functional capacity finding was supported by substantial evidence and whether the ALJ properly assessed [Plaintiff's] credibility." (*Id.*). But as Magistrate Judge Martin observed recently, the Commissioner's reasoning is faulty:

> The difficulty in social security disability cases does not arise from the applicable principles of law or the five-step inquiry, but in the application of those principles to the facts. *See Martinez v. Astrue*, 2012 WL 1563907, at *6 (N.D. Ind. April 30, 2010) (noting "most social security cases do not present particularly complex legal issues, but that does not mean that 'providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome' does not take time."). The Commissioner's argument overlooks the highly fact intensive nature of social security disability cases and the required careful review of the administrative record. Each social security disability case must be decided on its own facts. *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000) (stating "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail.").

*Warren v. Colvin*, No. 12 C 3298, slip op. at 2 (N.D. Ill. Aug. 1, 2013). In this case, Plaintiff raised four main issues with additional sub-issues, and the analysis of those issues and sub-issues was both complex and fact-intensive, as reflected in the Court's 31-page opinion. Given the numerous issues raised by Plaintiff, the Court cannot conclude that Counsel's hours were unreasonable.

The Commissioner also argues that based on Counsel's "extensive experience in litigating Social Security disability cases," efficiencies should be expected in presenting arguments to the Court. (Resp. 4–5). Thus, the Commissioner contends that because of "the frequency with which Plaintiff's lead attorney litigates these issues—relying on the same basic legal authorities—the number of hours preparing the initial and reply briefs in this case is not reasonable." (*Id.* 5). The Court disagrees. Counsel's memorandum in support of Plaintiff's motion for summary judgment and his reply brief were detailed and thorough. His memorandum was 20 pages and his reply brief was 15 pages. In his submissions, Counsel raised numerous arguments for reversing the ALJ's decision. And, as discussed above, it is the application of Plaintiff's unique medical evidence to the law that is time consuming. The Commissioner does not dispute the quality of the briefing or the result achieved.

**C. Direct Payment of Fees to Plaintiff's Attorney**

Finally, the Commissioner objects to the direct payment of fees to Plaintiff's counsel on the grounds that doing so would bypass the Department of Treasury's centralized federal debt offset program. (Resp. 5–8). The Court agrees. Accordingly, the awarded fees shall be made payable to Plaintiff. If after entry of the award, the

Commissioner can verify that Plaintiff does not owe any pre-existing debts subject to offset, the Commissioner shall direct that the award be made payable to Counsel, pursuant to the fee agreement between Counsel and Plaintiff.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [32] is **GRANTED** in the amount of $10,043.69 plus costs in the amount of $19.50. This amount, after any applicable offset, shall be made payable to Plaintiff's counsel.

E N T E R:

Dated: August 18, 2014

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge